IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK THOMAS, | ) |
| Petitioner, | ) 8:07cv45 |
| vs. | ) ORDER on INITIAL REVIEW |
| ROBERT HOUSTON, | ) |
| Respondent. | ) |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Mark Thomas. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Also before the court is filing no. 2, the petitioner's Motion to Proceed In Forma Pauperis ("IFP"). Upon review of the motion and the supporting inmate trust account information, filing no. 2 is granted. The petitioner alleges violations of his constitutional rights in connection with his conviction in the District Court of Lancaster County, Nebraska, in May of 1987, of sexual assault and other offenses.

The petitioner filed a habeas corpus action in this court in Case No. 4:96cv3139, which was dismissed in August of 1996. If that dismissal was without prejudice, this petition would not be a "successive petition" within the meaning of 28 U.S.C. § 2244(b). However, the court will await the parties' views on that matter.

This case has been assigned to Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended,

states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."  On initial review of the § 2254 petition, I question the timeliness of the § 2254 petition in light of the statute of limitations applicable to habeas corpus cases in federal court.  However, as no record is before the court, and as the parties should be heard on the matter, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required, and that the respondent shall answer or otherwise respond to the § 2254 petition.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

2. That, within thirty (30) days of the date of this Order, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b);

3. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

4. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

5. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

6. That, whether the respondent files an answer or a motion for summary judgment, the petitioner shall reply within thirty (30) days thereafter, unless the petitioner files a timely written request for additional time.

DATED this 5th day of February, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge