IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | 8:07cv45 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 8, the respondent's Motion for Summary Judgment; filing nos. 6 and 10, the petitioner's Motions for Appointment of Counsel, and filing no. 11, the respondent's Objection to Appointment of Counsel. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), the petitioner, Mark Thomas, alleges violations of his constitutional rights in connection with his conviction in the District Court of Lancaster County, Nebraska, on May 1, 1987, of first degree sexual assault, use of a knife to commit a felony, and kidnapping.

In the Order on Initial Review (filing no. 5), the court gave the respondent the option of responding to the § 2254 petition by asserting affirmative defenses only, pursuant to Fed. R. Civ. P. 56(b). Rule 56(b) states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;....

### Statute of Limitations

In filing no. 8, the respondent asserts that the statute of limitations set forth in 28 U.S.C. § 2244(d) expired before the petitioner filed his § 2254 petition on February 1, 2007, and that the § 2254 petition is therefore barred as untimely. The Antiterrorism and Effective

1

Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on § 2254 petitions for writ of habeas corpus. 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal district court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).

### Grace Period

State prisoners, like the petitioner, whose convictions became final before enactment of the AEDPA in 1996 received a one-year grace period from the AEDPA's

effective date to file their § 2254 petitions in federal court. The one-year grace period began on April 24, 1996 and, unless extended or tolled in a particular case, expired on April 24, 1997. Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001); Mills v. Norris, 187 F.3d 881, 882 (8th Cir. 1999).

### Tolling of the Limitations Period

28 U.S.C. § 2244(d)(2) tolls the one-year statute of limitations while a habeas corpus petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001). In calculating the limitations period, § 2244(d)(2) provides that "[t]he time during which a properly filed application for State postconviction or other collateral review ... is pending shall not be counted." (Emphasis added.)

### The Petitioner's Record

The record produced by the respondent of the petitioner's state-court activity indicates that the petitioner had no proceedings in the district or appellate courts of Nebraska after April 24, 1997, the date on which the grace period for the AEDPA statute of limitations expired. Accordingly, as the petitioner did not file the present habeas corpus action until February 1, 2007, the statute of limitations had elapsed long before the petitioner filed his § 2254 petition in the above-entitled case.

In his Motions for Appointment of Counsel, the petitioner states that he does not know how to respond to the respondent's arguments. As the respondent points out, however, the timeliness question turns on whether the petitioner filed state court challenges to his conviction during the grace period (April 24, 1996 to April 24, 1997) and

whether such state-court actions lingered approximately nine years in the state district and appellate courts of Nebraska. As the record indicates no such state-court actions,[1] the one-year AEDPA statute of limitations expired before the petitioner filed his § 2254 petition in this case.

THEREFORE, IT IS ORDERED:

1. That filing no. 8, the respondent's Motion for Summary Judgment, is granted;

2. That filing nos. 6 and 10, the petitioner's Motions for Appointment of Counsel, are denied as moot;

3. That filing no. 11, the respondent's Objection to Appointment of Counsel is denied as moot;

4. That the Petition for Writ of Habeas Corpus filed by Mark Thomas is dismissed with prejudice; and

5. That judgment will be entered accordingly.

DATED this 13th day of April, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[1] The periods during which the petitioner's previous **federal** habeas corpus petitions were pending did not stop the running of the AEDPA statute of limitations for this case. 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167, 181-82 (2001).